# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> JEFFREY DAN WILLIAMS, ) <br> ) <br>     Defendant. ) | Case No. CR-16-88-D |

## ORDER

Before the Court is Defendant Jeffrey Dan Williams' *pro se* Request for Early Termination of Supervised Release [Doc. No. 4]. Defendant seeks relief from a term of supervised release imposed on January 27, 2016, and which he began serving immediately thereafter. The term will otherwise expire January 27, 2021. The government has filed a Response [Doc. No. 9] and Defendant has replied [Doc. No. 10].

## BACKGROUND

On May 18, 1998, in the Northern District of Oklahoma, Defendant entered a plea of guilty to: one count of Conspiracy to Manufacture and Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A); two counts of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and one count of knowingly carrying a firearm during drug trafficking in violation of 18 U.S.C.

§ 924(c).[1] On August 31, 1998, Defendant filed a Motion to Withdraw his plea which was denied. Thereafter, Defendant was sentenced to 360 months on the conspiracy and drug charges and 60 months of consecutive imprisonment for the firearm charge.

Defendant engaged in a fourteen-year effort to challenge his convictions in the district court and Tenth Circuit. *See United States v. Williams*, 790 F.3d 1059, 1064 (10th Cir. 2015). Eventually, Defendant's convictions were overturned on April 18, 2014, in response to his Motion to Withdraw and Nullify Guilty Plea. In overturning these convictions, the district court concluded:

> The facts of this case clearly establish this Court properly and liberally construed Williams' pleading as a fraud upon the court motion. The Court further finds the scheme to manufacture evidence was deliberately planned, carefully executed and intended to defraud this Court, and in fact, this Court did rely upon the fraudulently manufactured evidence in order to convict and sentence Williams. As a result of such fraud upon the court, the conviction, sentencing and judgment in Williams' criminal conviction was not, in essence, a decision at all and never became final. This Court finds the fraud discussed herein did harm the "integrity of the judicial process" and the actions of officers and agents harmed the integrity of the judicial process. Finally, Williams has provided newly discovered evidence that satisfies the miscarriage of justice actual innocence standard. Therefore, this Court has both the duty and the power to vacate its own prior judgment. Accordingly, the Court vacates Defendant's judgment and sentence and dismisses the Indictments.

*United States v. Williams*, 16 F. Supp. 3d 1301, 1315–16 (N.D. Okla. 2014), *rev'd and remanded, United States v. Williams*, 790 F.3d 1059 (10th Cir. 2015). Defendant was released from custody.

---

[1] Jurisdiction of the term of supervised release was transferred from the Northern District of Oklahoma to the Western District of Oklahoma on May 5, 2016.

The government appealed, arguing only that "the district court lacked jurisdiction over [Defendant's] motion due to his failure to first obtain certification from [the Tenth Circuit], as required by 28 U.S.C. § 2255, permitting him to file a second or successive petition for habeas corpus relief." *United States v. Williams*, 790 F.3d 1059, 1064, 1067 (10th Cir. 2015). The Tenth Circuit construed Defendant's Motion to Withdraw and Nullify Guilty Plea as a successive 28 U.S.C. § 2255 petition and reversed the district court's determination. *Williams*, 790 F.3d at 1069. The Tenth Circuit held that because Defendant's motion "filed in the district court is a second or successive petition, the district court lacked the jurisdiction under § 2255(h) to act on it in the absence of certification from this court." *Id*. at 1073. "[A]lthough courts have the inherent authority to correct fraud on the court or to prevent a miscarriage of justice, AEDPA has limited a court's ability to exercise those inherent powers when the court is acting on a second or successive petition for habeas relief." *Id*. at 1067, 1076.

However, the Tenth Circuit noted that a district court retains the authority to correct fraud on the Court *sua sponte* even where a § 2255 motion has been filed so long as the court is not acting on that motion in so doing. *Id*. at 1070. In Defendant's case, the Tenth Circuit determined that the "district court acted on [Defendant's] successive application for habeas relief because the district court considered the new claims and evidence raised in Mr. Williams's Motion" and, therefore had not acted *sua sponte*. *Williams*, 790 F.3d at 1075. The Tenth Circuit construed Defendant's Motion to Withdraw and Nullify Guilty Plea as a request to file a successive § 2255 petition.

The Tenth Circuit agreed with the district court in that Defendant had "made a *prima facie* showing of factual innocence with respect to his firearm conviction" but not the drug related charges. *Id*. at 1079-1080. Regarding the drug related charges, the Tenth Circuit reversed because the district court considered his "claims through the lens of the common law miscarriage of justice exception, which required the petitioner to establish actual innocence only by a preponderance of the evidence. But to obtain authorization to file a successive petition under AEDPA's framework, [Defendant] must establish actual innocence by clear and convincing evidence." *Williams*, 790 F.3d at 1080. The Tenth Circuit reversed the district court's determination as to the drug charges but granted Defendant authorization to file with the district court a successive 28 U.S.C. § 2255 motion to vacate his sentence as to the firearm charge.

Defendant self-surrendered to the Bureau of Prisons on September 15, 2015. On November 13, 2015, the District Court for the Northern District of Oklahoma granted Defendant's 28 U.S.C. § 2255 motion and vacated his conviction as to the firearm charge. On January 27, 2016, the district court sentenced Defendant to time served and a term of supervised release of five years as to each of the drug related charges to run concurrently. Defendant was subsequently released from custody after having served seventeen (17) years.

As of the date of this Order, Defendant has been on supervised release for approximately three years and five months. Defendant asks the Court to terminate his supervised release about one and a half years prior to its scheduled completion. In support

of his request, Defendant states that he has been compliant in all areas of his supervision. The government and the Probation Office oppose Defendant's request.

**ANALYSIS**

"Whether to grant a motion to terminate a term of supervised release under 18 U.S.C. § 3583(e)(1) is a matter of sentencing court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). Pursuant to 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Compliance with the terms of supervised release to date does not, "without more, warrant early termination because compliance with the terms is 'what is expected.'" *United States v. Thinh Quoc Kieu*, CR-02-177-D, 2012 WL 2087387, at *2 (W.D. Okla. June 8, 2012) (quoting *Folks v. United States,* 733 F.Supp.2d 649, 652 (M.D.N.C.2010) (citing *United States v. McKay,* 352 F.Supp.2d 359, 361 (E.D.N.Y.2005)). A defendant's post-incarceration compliant conduct "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998).

The government bases its objection to early termination on "the nature and circumstances of the offense as well as Defendant's role in the conspiracy." Response at 4. In support thereof, the government points to: (1) Defendant's involvement in a large

scale conspiracy to manufacture and distribute substantial quantities of methamphetamine; (2) Defendant charged large sums of money in connection with his participation in the conspiracy; and, (3) Defendant recruited a large number of associates.

Defendant reports that since he has been on supervised release he: (1) moved to Elmore City with the permission of the United States Probation Office; (2) is currently employed; (3) is currently placed on minimal supervision; (4) maintains close family relations; and, (5) participates in family functions. Defendant has submitted letters of support from his sister and girlfriend. These letters speak very highly of the progress and positive impact Defendant has made since his release from custody. The Court commends Defendant for these accomplishments.

Upon consideration of the facts set forth in Defendant's Motion and the totality of the circumstances, including Defendant's conduct and the procedural history of this case, the Court finds that early termination of Defendant's term of supervised release is appropriate.

After considering the relevant factors in 18 U.S.C. § 3553(a), the Court is satisfied that terminating Defendant's term of supervised release is warranted by the conduct of Defendant and the interest of justice. Accordingly, Defendant's request [Doc. No. 4] is **GRANTED**.

**IT IS THEREFORE ORDERED** that the remaining term of Defendant's supervised release is hereby terminated. Defendant Jeffrey Dan Williams is discharged from further supervision and from all conditions of his supervised release.

**IT IS SO ORDERED** this 12th day of June 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE